

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2006

# USA v. Matura

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2603

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Matura" (2006). *2006 Decisions.* Paper 1246.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1246

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 05-2603

_____

UNITED STATES OF AMERICA

v.

WILLIAM MATURA,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 03-cr-00738)
District Judge:  Hon. Legrome D. Davis

_____

Submitted Under Third Circuit LAR 34.1(a)
April 17, 2006

Before:  SLOVITER, AMBRO and MICHEL[*], Circuit Judges

(Filed April 19, 2006)

_____

OPINION

_____

[*] Hon. Paul R. Michel, Chief Judge of the United States Court of Appeals for the
Federal Circuit, sitting by designation.

1

SLOVITER, Circuit Judge.

William Matura pled guilty to conspiracy to commit healthcare fraud in violation

of 18 U.S.C. § 371, and obstruction of a healthcare fraud investigation, in violation of 18

U.S.C. § 1518. According to the Pre-Sentence Report (PSR), the now advisory

Sentencing Guidelines provided for a sentencing range of 87-108 months' imprisonment.

This was based on Matura's guilty plea and a two-point enhancement for abuse of a

position of trust. The District Court departed downward from the advisory sentence range

because of Matura's "substantial contribution to the community," App. at 136, and

sentenced him to sixty (60) months' imprisonment. He appeals from that sentence,

contending that the District Court improperly enhanced his sentence based upon an

erroneous determination that Matura had abused a position of trust, and that the District

Court had improperly denied him a downward departure on various other grounds.

According to Matura, the enhancement of his sentence based on abuse of a

position of trust was improper for two reasons: 1. He did not occupy a position of trust

with respect to the insurance company; 2. Abuse of trust is an element of a greater

offense and therefore should have to be admitted by a defendant or proven beyond a

reasonable doubt.

Matura's contention that he did not occupy a position of trust with regard to the

insurance company has no merit. In United States v. Sherman,160 F.3d 967 (3d Cir.

1998), this court held that the defendant, a doctor who had fraudulently billed insurance

companies, had abused a position of trust.  We stated that "[t]o determine whether a position of trust exists, we consider three factors: "(1) whether the position allows the defendant to commit a difficult-to-detect wrong; (2) the degree of authority . . . which the position vests in defendant vis-a-vis the object of the wrongful act; and (3) whether there has been reliance on the integrity of the person occupying the position." Id. at 969.  We found that these three factors weighed in favor of finding that the doctor occupied a position of trust with respect to the insurance companies he billed.  These companies utilized an honor system and lacked any other means of monitoring the defendant's billing practices.  The facts here closely resemble those in Sherman, and therefore we hold that the District Court neither erred nor abused its discretion in holding that Matura occupied a position of trust and abused that position.

Matura's second contention is that abuse of trust is an element of a greater offense.  Even if abuse of trust is an element of a greater offense rather than a sentencing factor (an issue upon which we express no opinion), this court has held that sentencing judges may make findings of fact by a preponderance of the evidence regarding such elements. See United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006) (citing United States v. Mack, 229 F.3d 226, 233-35 (3d Cir. 2000)).

This court does not have jurisdiction over Matura's claim that the District Court erred when it denied Matura an additional downward departure despite the fact that Matura lived a largely crime-free life and despite evidence that enhancements had

3

significantly increased Matura's sentence.   See Cooper, 437 F.3d at 333.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.